J-S34032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS EUGENE LANE | |
| Appellant | No. 1720 MDA 2014 |

Appeal from the PCRA Order entered June 4, 2014
In the Court of Common Pleas for the 39th Judicial District,
Fulton County Branch
Criminal Division at No: CP-29-CR-0000001-2011

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 10, 2015**

Appellant, Dennis Eugene Lane, appeals from an order denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner**/**Finley**.[1] We affirm and grant the petition to withdraw.

On July 12, 2011, Appellant entered a negotiated guilty plea to rape and other sex crimes and crimes of child abuse. Appellant, who was in his sixties, had engaged in sexual intercourse and other sex acts with a child under the age of 16 over a three-year period. **See** N.T. Guilty Plea, 7/12/11, at 12-17. On March 22, 2012, the trial court determined Appellant

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to be a sexually violent predator and imposed the agreed-upon sentence of 11 to 22 years in prison. Appellant did not appeal.

On March 23, 2012, Appellant filed a *pro se*, timely first PCRA petition. The PCRA court appointed counsel. In an amended petition, Appellant contended that guilty plea counsel was ineffective for failing to file a direct appeal. The PCRA court denied relief after an evidentiary hearing, and this appeal followed.[2]

On appeal, PCRA counsel directs this Court's attention to one issue of possible merit: whether Appellant's guilty plea counsel rendered ineffective assistance by failing to file a direct appeal. Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner/Finley**. For PCRA counsel to withdraw under **Turner/Finley** in this Court:

> (1)  PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2)  PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3)  This Court must independently review the record and agree that the appeal is meritless.

_____

[2] The PCRA court appointed current PCRA counsel after this Court ordered the removal of former PCRA counsel, who abandoned Appellant.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by*, *Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has petitioned for leave to withdraw and filed an *Anders* brief, which we accept in lieu of a *Turner*/*Finley* no-merit letter.[3] Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response. Appellant has filed a *pro se* response, which we will consider in due course.

We now turn to this appeal to determine whether it is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819.

We first address the issue raised in PCRA counsel's *Anders* brief. A PCRA petitioner is entitled to relief by showing that his conviction is a result of ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii).

---

[3] *Anders v. California*, 386 U.S. 738 (1967), sets forth the requirements to withdraw on direct appeal, which are more stringent than the *Turner*/*Finley* requirements that apply on collateral appeal. *See Widgins*, 29 A.3d at 817 n.2. "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Id.*

Generally, ineffective assistance of counsel entails proof that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her chosen course of action; and (3) resulting prejudice. **See Widgins**, 29 A.3d at 819. The failure to file a requested direct appeal (or petition for allowance of appeal) is ineffectiveness *per se*, meaning that proof of prejudice is not required. **Commonwealth v. Haun**, 32 A.3d 697, 700 (Pa. 2011) (quoting **Commonwealth v. Lantzy**, 736 A.2d 564, 570-71 (Pa. 1999)).

> However:
>
> Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal.

**Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa. Super. 2011). In other words, counsel is ineffective *per se* if he or she fails to file a **requested** appeal, whereas counsel is ineffective for failing to **consult** with a defendant about appealing only if the defendant can show prejudice.

In finding this issue meritless, the PCRA court first found that Appellant failed to request plea counsel to file a direct appeal, invalidating any claim of ineffectiveness *per se*. PCRA Court Opinion, 6/5/14, at 4-5. Regarding plea counsel's duty to confer with Appellant, it stated:

> Here, there is no evidence to suggest that [plea counsel] did not consult with [Appellant] about his appellate rights. In fact, there is evidence to support the opposite conclusion. [Plea counsel]

- 4 -

testified that he remembered explaining to the [Appellant] his post-sentence appellate rights after he pled guilty. He also testified that he was "absolutely sure" the [Appellant] "understood what was going on." Specifically, the Fulton County colloquy was much longer than [plea counsel] was accustomed to[,] and whenever he had a "colloquy that's different than the one that we use in Cumberland County—I make some notes to discuss with my client to make sure that he understands what his standing was with the [c]ourt what his options would have been." The transcript of the guilty plea proceedings confirms this testimony as [plea counsel] responded in the affirmative when asked by the [c]ourt if he had sufficient time to discuss the entry of the guilty pleas with the [Appellant]. Additionally, the sentencing transcript shows that [Appellant] was read his post-sentence and appellate rights and the timeliness associated with each on the record by the [c]ourt. Regarding an appeal, [plea counsel] testified that because [Appellant] had pled guilty[,] he explained to him that he only had a small number of rights on appeal in terms of issues he could raise after pleading guilty.[4]

*Id.* at 7 (citation of notes of testimony omitted).

We are bound by the PCRA court's credibility determinations and we agree with its sound analysis. Furthermore, PCRA counsel has thoroughly explained why he believes this issue lacks merit. Appellant's claim is meritless because he did not request plea counsel to file an appeal, and plea counsel did not unreasonably fail to confer with Appellant regarding his appellate rights.

We now address Appellant's *pro se* response to PCRA counsel's **Anders** brief and petition to withdraw. Appellant raises ineffectiveness of

---

[4] Because Appellant entered into a negotiated guilty plea, on appeal he could challenge only the legality of his sentence, the jurisdiction of the trial court, and the validity of the guilty plea. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007).

PCRA counsel, ineffectiveness of plea counsel, and claims his sentence is illegal. Appellant did not raise the first item before the PCRA court, which means we cannot address it. *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) ("[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."). Appellant presents the second two items in conclusory fashion, without cogent analysis or explanation. We find those conclusory arguments unpersuasive. *See Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009) (finding arguments waived for "failure to develop them in any meaningful fashion capable of review"). Rather, Appellant appears to be using his PCRA petition as an attempt to reduce his bargained-for sentence because of dissatisfaction with its length. The PCRA does not provide a remedy for such buyer's remorse.

PCRA counsel has complied with *Turner*/*Finley*. We have reviewed the record, and we are convinced that no meritorious appellate issues exist. Accordingly, we affirm the denial of PCRA relief and grant the petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2015